## REED v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 15, 1929

D F Rendinell and Ed Powell, both of Youngstown, for Reed.

R L Thomas, Youngstown, for State.

### ROBERTS, J.

It is claimed that these two girls testifying to other offenses similar were not competent witnesses, and that error occurred by reason of the court, over objection of counsel for plaintiff in error, permitting them to testify. Upon this proposition attention is directed to the case of **Whiteman vs. State**, which may be found in the **Ohio Law Bulletin and Reporter of December 31, 1928**.

In the opinion in this case the case of **Boyd v. State, 81 Ohio St. 239**, is cited.

The court also cites the similar case of **State v. Reineke, 89 Ohio St., 390**.

To substantially the same effect is **Patterson v. State, 96 Ohio St., 90**.

In the recent case of **Barnett v. State, 104 Ohio St. 289**, the syllabus reads:

(Here follows quotation)

These authorities quite conclusively establish the proposition that the evidence complained of was not improperly admitted, and no error occurred in this respect.

It is further claimed that there was a failure upon the part of the court, when the defendant below was sentenced, to inquire of him before judgment if he had anything to say why the judgment of the law should not be imposed upon him, as provided in **13694 GC**. The journal entry in this case in this respect is simply silent as to whether any inquiry was made. In the case of **Bartlett v. State, 28 O. S., 669**, the fifth paragraph of the syllabus reads:

(Here follows quotation)

To the same effect see **23 O. S., 349; 25 CC. N. S. 255; 27 O. S. 572**.

These authorities are closely in point and clearly indicate also that there was no reversible error in this respect.

The judgment of the Court of Common Pleas is affirmed.

Pollock and Farr, JJ, concur.